1810.

*Philadelphia,*
*Wednesday,*
January 3.

HAYDEN and CASH *against* ADAMS, assignee, &c.

IN ERROR.

Upon the plea of *comperuit ad diem,* although it is by consent made an issue of fact, the accep-tance of a plea and going to trial in the ori-ginal action, do not entitle the bail to a verdict. Their only mode to take advan-tage of a waiver, is by application to the court.

THIS was a bail bond suit, brought by *Adams* to *Septem-ber* term 1805 in the Common Pleas of *Philadelphia* county.

The declaration was filed in the original action in *November* 1805; and in *March* 1806, a docquet entry was made in this suit, that the plaintiff's attorney agreed to the filing of bail in the original, upon payment of costs in this. In the same month the general issue was pleaded in the original, and in *January* 1807 the cause was tried, and a verdict ob-tained by the plaintiff. The plea of *comperuit ad diem* was then entered in this action, and the issue upon it was tried by a jury.* On the trial of the cause, the defendant's coun-sel requested the court to charge the jury, that the filing a declaration, accepting a plea, joining issue, and taking a ver-dict in the original action, were conclusive evidence to prove a waiver of special bail, and the acceptance of a common ap-pearance, and that they were a bar to the plaintiff's action. But the court refused, and sealed a bill of exceptions.

*Milnor* for the plaintiffs in error, said it had been conceded by the court below, that the proceedings in the original action would have amounted to a waiver of special bail, but for the entry on the docquet in *March* 1806. That this entry was

* This was said to be by consent.

not an agreement, but merely the consent of the plaintiff's attorney to an act, which the defendants did not choose to perform, and therefore it did not affect the general principle. That it was in the power of the plaintiff to accept the defendants' appearance, or to insist upon bail; taking a plea and proceeding to trial admitted the defendants to be in court, and to be in a condition to plead and try, and this was accepting a common appearance.

1810.

HAYDEN
*v.*
ADAMS.

*S. Levy* for the defendant in error insisted, that inasmuch as the bail were liable for debt and costs when the entry was docqueted, the plaintiff having then lost a trial in the original suit, *Orton* v. *Vincent* (a), it could be considered in no other light than as an agreement by the defendants' attorney for his clients' benefit; and the acceptance of a plea immediately after the agreement, confirmed this construction. That the principle of waiver did not however apply to this case, as the bond was put in suit before the plea was entered, and the bail was fixed; and that at all events the waiver was not a bar under the issue of *comperuit ad diem*, but the defendants' only remedy was by motion to the court. *Caton* v. *M'Carty* (b).

TILGHMAN C. J. The court are unanimously of opinion that judgment should be affirmed. The bail bond was forfeited and put in suit, before the implied waiver by accepting a plea took place; and if the defendant was desirous to take advantage of it, he should have applied to the court below by *motion*, to set aside or stay proceedings in the bail bond suit, when justice might have been done according to the circumstances. We must not be understood however to give any sanction to trying matter of record by a jury; but it having been by consent, we do not think it necessary in this instance to notice it.

Judgment affirmed.

(a) *Cowp.* 71.      (b) 2 *Dall.* 141.